IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00127-MOC-WCM

| | |
|---|---|
| JEANNE SULLIVAN, | ) |
| | ) |
| Plaintiff, | ) MEMORANDUM AND |
| | ) RECOMMENDATION |
| v. | ) |
| | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I. Procedural Background

In October of 2020, Plaintiff Jeanne Sullivan ("Plaintiff") filed an application for disability insurance benefits. Transcript of the Administrative Record ("AR") 212-213. Plaintiff alleges disability beginning on April 1, 2020. AR 223.

On August 9, 2022, following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. AR 14-36. That decision is the Commissioner's final decision for purposes of this action.

## II. The ALJ's Decision

The ALJ found that Plaintiff had the severe impairments of "cervical spine disorder, right shoulder impairment, left hip osteoarthritis, and lumbar spine disorder." AR 19. After determining that Plaintiff's impairments did not meet or medically equal any listed impairment, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> to perform medium work… except never climb ropes, ladders and scaffolds. She can occasionally climb ramps/stairs, engage in balancing, stooping, kneeling, crouching and crawling. The claimant is limited to occasional exposure to hazards, dangerous moving machinery, and unprotected heights. The claimant is limited to occasional exposure to temperature extremes, humidity/wetness. She is frequently limited to reaching with right upper extremity; overhead reaching with left upper extremity; and handling and fingering.

AR 21.

Applying this RFC, the ALJ found that Plaintiff had the ability to perform certain jobs that exist in significant numbers in the national economy such that Plaintiff was not disabled during the relevant period. AR 28-29.

## III. Plaintiff's Allegation of Error

Plaintiff contends that, when developing her RFC, the ALJ failed to conduct a proper function-by-function analysis and therefore failed to explain how the evidence supported his conclusions regarding Plaintiff's ability to lift, carry, reach, handle, finger, sit, stand, and walk.

2

## IV. Standard of Review

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1505; 416.905. The regulations require the Commissioner to evaluate each claim for benefits using a five-step sequential analysis. 20 C.F.R. §§ 404.1520; 416.920. The burden rests on the claimant through the first four steps to prove disability. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If the claimant is successful at these steps, then the burden shifts to the Commissioner to prove at step five that the claimant can perform other work. Mascio v. Colvin, 780 F.3d 632, 635 (4th Cir. 2015); Monroe, 826 F.3d at 180.

Under 42 U.S.C. § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and whether the Commissioner's final decision applies the proper legal standards. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Accordingly, the issue before the Court is not whether Plaintiff

3

is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record and based on the correct application of the law. Id.

V. Discussion

"A social security claimant's RFC represents 'the most [a claimant] can still do despite [his or her] limitations.'" Dowling v. Commissioner of Social Security Administration, 986 F.3d 377, 387 (4th Cir. 2021) (quoting 20 C.F.R. § 416.945(a)(1)) (modification added). "Evaluating an RFC requires an ALJ to consider all of the claimant's physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his or her] ability to work." Id. (quoting Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019) (quoting Monroe v. Colvin, 826 F.3d 176, 188 (4th Cir. 2016)) (modification added).

In Dowling, the Fourth Circuit emphasized that this function-by-function assessment of a claimant's abilities must be based on the correct regulatory framework, i.e., that set forth in 20 C.F.R. §§ 404.1545 and/or 416.945 and SSR 96-8p, 1996 WL 374184 (July 2, 1996).[1]

---

[1] 20 C.F.R. § 404.1545 sets out the evaluation process of a claimant's physical abilities relative to claims for disability insurance benefits, while 20 C.F.R. § 416.945 sets out an identical process relative to claims for supplemental security income.

4

Pursuant to SSR 96-8p, an ALJ's RFC assessment must include an evaluation of the claimant's ability to perform certain physical functions. "These functions are: 'sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work.'" 986 F.3d at 387 (quoting 20 C.F.R. § 416.945(b)). Because the ALJ in <u>Dowling</u> failed to cite 20 C.F.R. § 416.945 and SSR 96-8p, "did not indicate that his RFC assessment was rooted in a function-by-function analysis," and instead only conducted an evaluation of the claimant's symptoms (a related, but "separate and distinct inquiry"), the matter was remanded. <u>Id</u>. at 387.

Here, the ALJ referenced SSR 96-8p and 20 C.F.R. §404.1545 in the "applicable law" section of his opinion but did not specifically discuss those provisions when developing Plaintiff's RFC and Plaintiff contends that "[u]ltimately, the ALJ failed to explain how he arrived at the conclusion that [Plaintiff] could lift and carry 50 pounds, use her hands for close to six hours a day, and sit, stand or walk for up to six hours total in a workday." Doc. 5 at 14.

The ALJ did not conduct an independent function-by-function assessment.[2] However, the ALJ's reasoning with respect to Plaintiff's contested

---

[2] The Commissioner appears to agree. <u>See</u> Doc. 9 at 5. (asserting that "[r]emand is not appropriate merely because the ALJ did not address each function invoked by medium exertional work: sitting, standing, walking, lifting, and carrying.").

5

functional limitations is shown in the ALJ's opinion and, unlike the situation set out in Dowling, it does not appear that the ALJ focused only on Plaintiff's symptoms when developing Plaintiff's RFC.

Rather, the ALJ explained that he found the opinion of the initial state agency medical consultant, Dr. Howard Stein, to be persuasive. AR 27. Dr. Stein indicated that Plaintiff had the ability to: occasionally lift and/or carry 50 pounds; frequently lift and/or carry 25 pounds; stand and/or walk for about 6 hours in an 8 hour workday; sit for the same amount of time; and, occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl. AR 98. Dr. Stein also indicated that Plaintiff could never climb ladders, ropes, or scaffolds and was limited in her ability to reach in front, laterally, or overhead on her right side. Id. Apart from including additional limitations with respect to Plaintiff's handling and fingering ability, Plaintiff's RFC is consistent with the limitations identified by Dr. Stein. See Key v. Kijakazi, No. 1:20CV552, 2021 WL 3887616, at *4 (M.D.N.C. Aug. 31, 2021) (finding that the ALJ conducted an appropriate function-by-function analysis where the ALJ discussed the functional limitations set out by the state agency consultants and adopted one of those consultant's limitations in their entirety), recommendation adopted, Doc. 18 (M.D.N.C. Sept. 24, 2021); Herren v. Colvin, 1:15-cv-2-MOC, 2015 WL 5725903, at * 5 (W.D.N.C. Sept. 30, 2015) ("an ALJ may satisfy the function-by-function analysis requirement by referencing a

properly conducted analysis of state agency consultants") (collecting cases). Accordingly, the ALJ explained the basis for his findings regarding these contested functions adequately.

Further, many of the medical records Plaintiff contends support greater functional limitations were considered by the ALJ and reflect Plaintiff's limited range of motion of the cervical spine, normal strength, and normal gait. See AR 22 (discussing December 26, 2019 (AR 455-456) and April 29, 2020 (AR 452-454) medical records reflecting Plaintiff's reports of pain and limited cervical range of motion); AR 23 (discussing November 5, 2020 (AR 470-474) treatment record reflecting Plaintiff's complaint of left hip pain and also noting Plaintiff's normal gait, negative straight leg raise, and full strength throughout), March 17, 2021 (AR 661-665) treatment record reflecting Plaintiff's reports of neck pain but also recording Plaintiff's normal strength and gait), and March 24, 2021 (AR 669-667) treatment record wherein Plaintiff was advised to stop physical therapy until symptoms of dizziness, nausea, and sharp pain to the right side of her neck resolved); AR 25 (noting April 27, 2022 (AR 978-984) treatment record reflecting antalgic gait and mild restriction in Plaintiff's range of motion in her left hip).

Other records cited by Plaintiff reflect similar findings. Doc. 5 at 5 (citing AR 785 (treatment record reflecting normal gait and strength but limited range of motion of the cervical spine)); Doc. 5 at 8 (citing AR 41 (July 20, 2022

7

treatment record reflecting Plaintiff's continued complaints of pain and limited cervical range of motion, with good strength in Plaintiff's upper extremities and "fairly normal" gait)). These records do not appear to contradict the functional limitations identified by Dr. Stein. See Tanner v. Commissioner of Social Security, 602 Fed. Appx. 95, 101 (4th Cir. 2015) (unpubl.) ("[a] 'non-examining physician's opinion cannot, by itself, serve as substantial evidence supporting a denial of disability benefits when it is contradicted *by all of the other evidence in the record*[,]' 'the testimony of a nonexamining physician can be relied upon when it is consistent with the record.'") (quoting Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986) (emphasis in Smith)).

Finally, while Plaintiff contends that her medical records support limitations consistent with her testimony,[3] the ALJ explained, with specific citation to medical records, why he found lesser functional limitations to be appropriate. AR 26 (finding that the "record indicates that [Plaintiff] does have symptoms but not constant" and citing, among others, AR 1001-1004 (May 12, 2022 record reflecting Plaintiff's back, joint, musculoskeletal, and neck pain; decreased range of motion; and tenderness); AR 1079 (June 23, 2022 record

---

[3] During the hearing, Plaintiff testified that her arms and hands are very weak, that she drops things like keys and a cup, and that she must use two hands to lift a gallon of milk. She also testified that she is able to sit in a regular chair for about 5 minutes, stand for about 5 minutes, walk for about 3 minutes, and drive short distances. See AR 54-55; 58-59.

8

Case 1:23-cv-00127-MOC-WCM   Document 10   Filed 08/21/24   Page 8 of 11

reflecting normal right and left hand function and strength); AR 995-998 (August 25, 2021 treatment record reflecting Plaintiff's complaints of shoulder and hip pain and limited range of motion in neck, but also non tender back and negative straight leg raise); AR 664 (March 17, 2021 treatment note reflecting normal strength and extension in shoulders, elbows, and wrists, as well as normal gait)). The ALJ additionally noted that Plaintiff was able to drive herself one hour to attend a consultative examination and was able to go to the beach. Id. (citing AR 680 and Plaintiff's hearing testimony).

Accordingly, the Court is not left to guess at the foundations for the ALJ's conclusions regarding Plaintiff's ability to lift, carry, reach, handle, finger, sit, stand, and walk. See Woods v. Berryhill, 888 F.3d 686, 694 (4th Cir. 2018) (an ALJ is required to build "an accurate and logical bridge from the evidence to his conclusion" that the RFC sufficiently accounts for the claimant's limitations); see also Mayberry v. Berryhill, No. 5:17-cv-175-GCM, 2018 WL 3543085, at *3 (W.D.N.C. July 23, 2018) ("A failure to provide an adequate explanation frustrates the ability of the Court to conduct meaningful review and determine whether the ALJ's decision is supported by substantial evidence."); Darby v. Berryhill, No. 1:16cv366-RJC, 2018 WL 310136, at *6 (W.D.N.C. Jan. 5, 2018) ("if the ALJ shows her work, then the Court will most likely find substantial evidence supporting her ultimate conclusion.").

## VI. Recommendation

Therefore, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be **AFFIRMED**.

Signed: August 21, 2024

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).